## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOSEPH MICHAEL CARILLI,    :
        Plaintiff,    :
          :
    v.    :    CASE NO. 3:16-cv-1897 (VLB)
          :
JOHN DOE 4, et al.,    :
        Defendants.    :    NOVEMBER 30, 2016

### INITIAL REVIEW ORDER

Plaintiff, Joseph Michael Carilli, currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000).  The complaint was received by the court on November 16, 2016, and his motion to proceed *in forma pauperis* was granted on November 18, 2016.  The named defendants are Commissioner of Correction John Doe 4; Deputy Warden Jones; Lieutenants Flowers, Cox, Allen and Cole; Counselor Rodriguez; Warden John Doe 5; Correction Officers White, Maranda, Gooden, Gardiao, Guerrera, Boyles, Tyska, Gardic, Video Post John Doe 1, Video Post Jane Doe 1, Video Post John Doe 2, Video Post Jane Doe 2, John Doe 3 and Jane Doe 3.  Plaintiff alleges that defendants failed to protect him from harm by another inmate.  Plaintiff seeks damages from defendants in their individual and official capacities.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the truth of the allegations,

and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## I. Allegations

In January and February 2014, Plaintiff was incarcerated at the Bridgeport Correctional Center.  On January 22, 2014, Plaintiff was assaulted by inmate Betancourt.  An unidentified correctional officer and Video Post Officer John Doe 1 observed the assault.  Plaintiff requested medical treatment but was denied. ECF No. 1, ¶ 1.  The same day, Plaintiff submitted an inmate request to Warden Doe 5, Deputy Warden Jones, unidentified captains and lieutenants, and Counselor Rodriguez informing them of the assault by inmate Betancourt.  [Dkt. No. 1 at ¶ 2.]  He also requested medical assistance from an unidentified

correctional officer, who took no action.  *Id.* at ¶ 3.

On January 27, 2014, at 6:00 a.m., Plaintiff was again assaulted by inmate Betancourt.  He reported the assault to the correctional officer on duty but nothing was done.  *Id.* at ¶ 4.  Plaintiff wrote an inmate request about the incident to Warden John Doe 5, Deputy Warden Jones, unidentified captains and lieutenants and Counselor Rodriguez.  Nothing was done.  *Id.* at ¶ 5.  At 11:00 a.m. on the same day, inmate Betancourt assaulted Plaintiff for the third time.  He informed the correctional officer on duty but nothing was done.  *Id.* at ¶ 6.

On January 29, 2014, at 9:45 a.m., inmate Betancourt assaulted Plaintiff for the fourth time. The correctional officer on duty called a code and inmate Betancourt was taken to segregation.  *Id.* at ¶ 7.  Plaintiff's eye was injured in the assault.  He was not permitted to see a doctor for treatment until July 2014 *Id.* at ¶ 9.

On February 13, 2014,[1] at 12:00 p.m., inmate Betancourt assaulted Plaintiff. A code was called and inmate Betancourt was taken to segregation.  *Id.* at ¶ 8.

## II. Discussion

Plaintiff states that he seeks damages from the defendants in their personal and professional capacities.  The Eleventh Amendment divests the district court of subject matter jurisdiction over claims for money damages against state officials acting in their official capacities unless the state has

---

[1] Plaintiff reports this date as February 13, 2013.  The Court assumes that the entry was in error.

3

waived this immunity or Congress has abrogated it.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Section 1983 does not abrogate state sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and the Plaintiff has provide no evidence that the state has waived immunity.  Thus, any claims for damages against the Defendants in their official capacities are DISMISSED.

Prison officials have a duty to make reasonable efforts to ensure inmate safety.  This duty includes protecting inmates from harm at the hands of other inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).  To establish a constitutional violation, an inmate must show that the conditions of his incarceration posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety.  *See Farmer*, 511 U.S. at 834.  Deliberate indifference exists where prison officials know of and disregard an excessive risk to inmate safety.  *See Farmer*, 511 U.S. at 837; *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 357 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference).  For example, correctional staff would be on notice of a substantial risk of serious harm where there has been prior hostility between inmates, or a prior assault by one inmate on another, and those inmates are not kept separated.

A negligent failure to protect prisoners from harm, however, is not cognizable under section 1983.  *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).  In addition, if a prison official "actually knew of a substantial risk to

4

inmate health or safety," but responded in a reasonable manner to that risk, he "may be found free from liability" under the Eighth Amendment, "even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.  When "determining whether a substantial risk of harm existed, the Court should not assess a prison official's actions based on hindsight but rather should look at the facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (citations and internal quotation marks omitted).

Plaintiff alleges that he was assaulted by inmate Betancourt five times within twenty-three days.  Video Post Officer John Doe 1 observed the first assault and Plaintiff informed defendants Warden Doe 5, Deputy Warden Jones and Counselor Rodriguez about the first assault.  The second and third assaults occurred five days later.  Plaintiff again informed defendants Warden Doe 5, Deputy Warden Jones and Counselor Rodriguez.  After the fourth and fifth assaults, inmate Betancourt was taken to segregation.  The Complaint can be construed to assert that nothing was done to separate the inmates when inmate Betancourt was released from segregation.

Plaintiff has alleged sufficient facts to show that defendants Video Post Officer John Doe 1, Warden Doe 5, Deputy Warden Jones and Counselor Rodriguez were aware of the assaults but took no action.  These allegations are sufficient to state a plausible failure to protect claim against these four defendants.

Plaintiff also lists Commissioner Doe 4; Lieutenants Flowers, Cox, Allen and Cole; Correction Officers White, Maranda, Gooden, Gardiao, Guerrera, Boyles, Tyska, Gardic, Video Post Jane Doe 1, Video Post John Doe 2, Video Post Jane Doe 2, John Doe 3 and Jane Doe 3 as defendants.   He does not reference any of these defendants in his factual allegations.  Plaintiff alleges that he informed captains and lieutenants about the assaults.  He does not name any captains as defendants and it is not clear that these three lieutenants were the lieutenants he informed of the assaults.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The allegations are insufficient to enable these defendants to ascertain the claims against them.   Accordingly, the claims against Commissioner Doe 4; Lieutenants Flowers, Cox, Allen and Cole; Correction Officers White, Maranda, Gooden, Gardiao, Guerrera, Boyles, Tyska, Gardic, Video Post Jane Doe 1, Video Post John Doe 2, Video Post Jane Doe 2, John Doe 3 and Jane Doe 3 are DISMISSED without prejudice to Plaintiff filing an amended complaint within 35 days of the date of this order indicating how each defendant violated his constitutional rights.

### ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims for damages against the defendants in their official

6

capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2).  All claims against defendants Commissioner Doe 4; Lieutenants Flowers, Cox, Allen and Cole; Correction Officers White, Maranda, Gooden, Gardiao, Guerrera, Boyles, Tyska, Gardic, Video Post Jane Doe 1, Video Post John Doe 2, Video Post Jane Doe 2, John Doe 3 and Jane Doe 3 are DISMISSED without prejudice to the filing of an amended complaint including detailed allegations against each defendant. The case will proceed on the failure to protect claim against defendants Warden Doe 5, Deputy Warden Jones, Video Post Officer John Doe 1 and Counselor Rodriguez .

(2)     The Clerk shall verify the current work addresses of defendants Jones and Rodriguez with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within twenty-one (21) days of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The Clerk shall send written notice to Plaintiff of the status of this action, along with a copy of this Order.

(4)     The Clerk shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new

8

address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10)   Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the court.

(11)   The Court cannot effect service on Warden Doe 5 and Video Post Officer John Doe 1 without their full names.  Plaintiff is directed to obtain this information through discovery and submit a notice containing that information to the Court.

SO ORDERED this 30th day of November 2016, at Hartford, Connecticut.

_____/s/_____
Vanessa L. Bryant
United States District Judge